IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFINEON TECHNOLOGIES AG and INFINEON TECHNOLOGIES NORTH AMERICA CORP., <br><br> Plaintiff, <br><br> v. <br><br> ATMEL CORPORATION <br><br> Defendant. | Civil Action No. _____ <br><br> TRIAL BY JURY DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT**

Plaintiffs Infineon Technologies AG and Infineon Technologies North America Corp. (collectively, "Infineon") for its Complaint allege the following against Defendant Atmel Corporation ("Atmel"):

**PARTIES**

1. Plaintiff Infineon Technologies AG ("Infineon AG") is a foreign corporation organized and existing under the laws of Germany having a principal place of business at Am Campeon 1-12, Neubiberg, Germany. Infineon AG is a leading designer and manufacturer of semiconductors used in a variety of microelectronic applications for energy efficiency, mobility and security, covering automotive products, industrial automation and control systems, and chip card applications.

2. Plaintiff Infineon Technologies North America Corp. ("Infineon North America") is incorporated in the state of Delaware and has its principal place of business at 640 N. McCarthy Boulevard, Milpitas, California 95035. Infineon North America has two wholly-owned subsidiaries in the United States: Infineon Technologies Industrial Power, Inc. and

Primarion, Inc. Infineon North America and its subsidiaries develop, manufacture, test, market, sell and distribute a wide range of Infineon products. Infineon North America and its subsidiaries conduct their operations at facilities throughout the United States.

3. Upon information and belief, Defendant Atmel is incorporated in Delaware with its principal place of business at 2324 Orchard Parkway, San Jose, California 95131. Upon information and belief, Atmel is engaged in the business of designing, developing, and selling microcontroller technologies.

## JURISDICTION AND VENUE

4. This is an action for patent infringement based upon the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the counts for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction and venue over Defendant Atmel because Atmel is incorporated and is regularly doing business in this Judicial District.

## INFINEON AG PATENTS

6. On June 6, 1995, U.S. Patent No. 5,422,309 ("the '309 patent"), entitled "Method For Producing a Metallization Level Having Contacts and Interconnects Connecting the Contacts," was duly and legally issued. Infineon AG is the owner of the '309 patent by assignment of all rights, title, and interest in and to the '309 patent. A copy of the '309 patent is attached as Exhibit A.

7. On July 23, 1996, U.S. Patent No. 5,539,910 ("the '910 patent"), entitled "Circuit Configuration For Monitoring the Supply Voltage of a Processor Unit," was duly and legally

issued. Infineon AG is the owner of the '910 patent by assignment of all rights, title, and interest in the '910 patent. A copy of the '910 patent is attached as Exhibit B.

8.      On April 14, 1998, U.S. Patent No. 5,739,708 ("the '708 patent"), entitled "Circuit Configuration For Generating an Enable Signal For a Clock-Controllable Circuit," was duly and legally issued. Infineon AG is the owner of the '708 patent by assignment of all rights, title, and interest in and to the '708 patent. A copy of the '708 patent is attached as Exhibit C.

9.      On June 13, 2000, United States Patent No. 6,076,159 ("the '159 patent"), entitled "Execution of a Loop Instructing in a Loop Pipeline After Detection of a First Occurrence of the Loop Instruction in an Integer Pipeline," was duly and legally issued. Infineon AG is the owner of the '159 patent by assignment of all rights, title, and interest in and to the '159 patent. A copy of the '159 patent is attached as Exhibit D.

10.     On November 25, 2003, United States Patent No. 6,653,963 ("the '963 patent"), entitled "Method and Apparatus for the A/D Conversion of Analog Signals and Corresponding A/D Converter Arrangement," was duly and legally issued. Infineon AG is the owner by assignment of all rights, title, and interest in and to the '963 patent. A copy of the '963 patent is attached as Exhibit E.

11.     On December 16, 2003, United States Patent No. 6,665,802 ("the '802 patent"), entitled "Power Management and Control for a Microcontroller," was duly and legally issued. Infineon AG is the owner by way of assignment of all rights, title, and interest in and to the '802 patent. A copy of the '802 patent is attached as Exhibit F.

12.     On July 27, 2004, United States Patent No. 6,769,065 ("the '065 patent"), entitled "Access Authorization Device For Controlling Access Requested by an OCDS Module," was

duly and legally issued. Infineon AG is the owner by way of assignment of all rights, title, and interest in and to the '065 patent. A copy of the '065 patent is attached as Exhibit G.

13.     On September 7, 2004, United States Patent No. 6,788,235 ("the '235 patent"), entitled "A/D Converter Having Signaling and Requesting Capability," was duly and legally issued. Infineon AG is the owner by assignment of all rights, title, and interest in and to the '235 patent. A copy of the '235 patent is attached as Exhibit H.

14.     On February 14, 2006, United States Patent No. 7,000,148 ("the '148 patent"), entitled "Program-Controlled Unit," was duly and legally issued. Infineon AG is the owner by assignment of all rights, title, and interest in and to the '148 patent. A copy of the '148 patent is attached as Exhibit I.

15.     On December 12, 2006, United States Patent No. 7,149,926 ("the '926 patent"), entitled "Configurable Real-Time Trace Port for Embedded Processors," was duly and legally issued. Infineon AG is the owner by assignment of all rights, title, and interest in and to the '926 patent. A copy of the '926 patent is attached as Exhibit J.

16.     On October 9, 2007, United States Patent No. 7,281,162 ("the '162 patent"), entitled "Program-Controlled Unit," was duly and legally issued. Infineon AG is the owner by assignment of all rights, title, and interest in and to the '162 patent. A copy of the '162 patent is attached as Exhibits K.

**Count I**
**(Infringement U.S. Patent No. 5,422,309)**

17.     Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

18.     Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '309 patent. The infringing acts

include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products including but not limited to Atmel's AT91SAM9263 products.

19. Atmel has actual knowledge of the '309 patent and Infineon AG's claims of infringement based on written notice and at least one or more meetings between Atmel and Infineon AG where the '309 patent and Atmel's infringement was discussed. Therefore, Atmel's infringement of the '309 patent has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Infineon AG to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

20. Atmel has profited through infringement of the '309 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '309 patent and is without adequate remedy at law.

## Count II
### (Infringement of U.S. Patent No. 5,539,910)

21. Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

22. Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '910 patent. The infringing acts include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 32-bit AVR microcontroller products.

23. Atmel will continue its unlawful infringing activity unless enjoined by this Court.

24. Atmel has profited through infringement of the '910 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '910 patent and is without adequate remedy at law.

**Count III**
**(Infringement of U.S. Patent No. 5,739,708)**

25.     Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

26.     Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '708 patent. The infringing acts include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 32-bit AVR microcontroller products.

27.     Atmel will continue its unlawful infringing activity unless enjoined by this Court.

28.     Atmel has profited through infringement of the '708 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '708 patent and is without adequate remedy at law.

**Count IV**
**(Infringement of U.S. Patent No. 6,076,159)**

29.     Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

30.     Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '159 patent. The infringing acts include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 32-bit AVR microcontroller products.

31.     Atmel has actual knowledge of the '159 patent and Infineon AG's claims of infringement based on written notice and at least one or more meetings between Atmel and Infineon AG where the '159 patent and Atmel's infringement was discussed. Therefore, Atmel's infringement of the '159 patent has been and continues to be willful and deliberate, and will

continue unless enjoined by this Court, making this an exceptional case and entitling Infineon AG to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

32. Atmel has profited through infringement of the '159 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '159 patent and is without adequate remedy at law.

## Count V
**(Infringement of U.S. Patent No. 6,653,963)**

33. Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

34. Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '963 patent. The infringing acts include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 8-bit AVR microcontroller products.

35. Atmel has actual knowledge of the '963 patent and Infineon AG's claims of infringement based on, at least one or more meetings between Atmel and Infineon AG where the '963 patent and Atmel's infringement was discussed. Therefore, Atmel's infringement of the '963 patent has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Infineon AG to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

36. Atmel has profited through infringement of the '963 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '963 patent and is without adequate remedy at law.

## Count VI
**(Infringement of U.S. Patent No. 6,665,802)**

37. Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

38. Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '802 patent. The infringing acts include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 8-bit and 32-bit AVR microcontroller products.

39. Atmel has actual knowledge of the '802 patent and Infineon AG's claims of infringement based on written notice and at least one or more meetings between Atmel and Infineon AG where the '802 patent and Atmel's infringement was discussed. Therefore, Atmel's infringement of the '802 patent has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Infineon AG to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

40. Atmel has profited through infringement of the '802 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '802 patent and is without adequate remedy at law.

## Count VII
**(Infringement of U.S. Patent No. 6,769,065)**

41. Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

42. Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '065 patent. The infringing acts

include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 32-bit AVR microcontroller products.

43. Atmel will continue its unlawful infringing activity unless enjoined by this Court.

44. Atmel has profited through infringement of the '065 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '065 patent and is without adequate remedy at law.

## Count VIII
### (Infringement of U.S. Patent No. 6,788,235)

45. Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

46. Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '235 patent. The infringing acts include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 8-bit AVR microcontroller products.

47. Atmel has actual knowledge of the '235 patent and Infineon AG's claims of infringement based on, at least one or more meetings between Atmel and Infineon AG where the '235 patent and Atmel's infringement was discussed. Therefore, Atmel's infringement of the '235 patent has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Infineon AG to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

48. Atmel has profited through infringement of the '235 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '235 patent and is without adequate remedy at law.

## Count IX
### (Infringement of U.S. Patent No. 7,000,148)

49. Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

50. Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '148 patent. The infringing acts include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 32-bit AVR microcontroller products.

51. Atmel has actual knowledge of the '148 patent and Infineon AG's claims of infringement based on written notice and at least one or more meetings between Atmel and Infineon AG where the '148 patent and Atmel's infringement was discussed. Therefore, Atmel's infringement of the '148 patent has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Infineon AG to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

52. Atmel has profited through infringement of the '148 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '148 patent and is without adequate remedy at law.

## Count X
### (Infringement of U.S. Patent No. 7,149,926)

53. Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

54. Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '926 patent. The infringing acts

include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 32-bit AVR microcontroller products.

55. Atmel will continue its unlawful infringing activity unless enjoined by this Court.

56. Atmel has profited through infringement of the '926 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '926 patent and is without adequate remedy at law.

### Count XI
### (Infringement of U.S. Patent No. 7,281,162)

57. Infineon AG incorporates by reference the allegations in paragraphs 1-16 above as if fully set forth herein.

58. Atmel has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of one or more claims of the '162 patent. The infringing acts include the manufacture, use, sale, importation, or offer for sale of Atmel's microcontroller products, including but not limited to Atmel's 32-bit AVR microcontroller products.

59. Atmel will continue its unlawful infringing activity unless enjoined by this Court.

60. Atmel has profited through infringement of the '162 patent. Infineon AG has been and will continue to be injured by Atmel's past and continuing infringement of the '162 patent and is without adequate remedy at law.

### ATMEL'S THREATS AGAINST INFINEON

61. On information and belief, Atmel, by way of assignment, is the owner of the entire right, title, and interest of United States Patent No. 5,493,534 ("the '534 patent"). A copy of the '534 patent is attached as Exhibit L.

62. On information and belief, Atmel, by way of assignment, is the owner of the entire right, title, and interest of United States Patent No. 6,032,248 ("the '248 patent"). A copy of the '248 patent is attached as Exhibit M

63. On information and belief, Atmel, by way of assignment, is the owner of the entire right, title, and interest of United States Patent No. 6,331,784 ("the '784 patent"). A copy of the '784 patent is attached as Exhibit N.

64. In at least one or more meetings between Atmel and Infineon, Atmel asserted that Infineon infringes the '534, '248, and '784 patents (collectively, "the Atmel patents") and demanded that Infineon pay license fees.

65. Atmel has asserted that Infineon's XC866 8-Bit Microcontroller infringes the '534 patent.

66. Atmel has asserted that Infineon's TriCore TC1796 32-Bit Microcontroller infringes the '248 patent.

67. Atmel has asserted that Infineon's XE166 16-Bit Microcontroller infringes the '784 patent.

68. Infineon has repeatedly denied that these products infringe any valid claim of the Atmel patents and asserted that the Atmel patents are invalid. Infineon has denied that it owes any license fees to Atmel.

69. Accordingly, an actual and substantial controversy exists between Infineon and Atmel concerning the Atmel patents.

**Count XII**
**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,493,534)**

70. Infineon incorporates by reference the allegations in paragraphs 1-5 and 61-69 above as if fully set forth herein.

71. Infineon has not infringed and does not infringe any valid claim of the '534 patent.

72. One or more claims of the '534 patent is invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103.

73. There is an actual case or controversy between Infineon and Atmel over the infringement and validity of the '534 patent.

74. Infineon is entitled to a judicial declaration and order that Infineon has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid claim of the '534 patent.

75. Infineon is entitled to a judicial declaration and order that one or more claims of the '534 patent is invalid.

### Count XIII
### (Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,032,248)

76. Infineon incorporates by reference the allegations in paragraphs 1-5 and 61-69 above as if fully set forth herein.

77. Infineon has not infringed and does not infringe any valid claim of the '248 patent.

78. One or more claims of the '248 patent is invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103.

79. There is an actual case or controversy between Infineon and Atmel over the infringement and validity of the '248 patent.

80. Infineon is entitled to a judicial declaration and order that Infineon has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid claim of the '248 patent.

81. Infineon is entitled to a judicial declaration and order that one or more claims of the '248 patent is invalid.

## Count XIV
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,331,784)

82. Infineon incorporates by reference the allegations in paragraphs 1-5 and 61-69 above as if fully set forth herein.

83. Infineon has not infringed and does not infringe any valid claim of the '784 patent.

84. One or more claims of the '784 patent is invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103.

85. There is an actual case or controversy between Infineon and Atmel over the infringement and validity of the '784 patent.

86. Infineon is entitled to a judicial declaration and order that Infineon has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid claim of the '784 patent.

87. Infineon is entitled to a judicial declaration and order that one or more claims of the '784 patent is invalid.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff Infineon prays as follows:

A. That this Court enter judgment that the '309, '910, '708, '159, '963, '802, '065, '235, '148, '926, and '162 patents (collectively, "the Infineon AG patents") are infringed by Atmel;

B. That thus Court enter judgment as to willful infringement of the Infineon AG patents by Atmel;

C. That this Court permanently enjoin Atmel and its agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing any claims of the Infineon AG patents;

D. That this Court award judgment in favor of Infineon AG for damages adequate to compensate it for its injuries resulting from Atmel's infringement of the Infineon AG patents, together with interest and costs, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial;

E. That this Court treble any such damages found or assessed, pursuant to 35 U.S.C. § 284, as a result of the willful nature of Atmel's infringement;

F. That this Court declare that neither Infineon nor its products infringe nor have infringed any valid claim of the Atmel patents;

G. That this Court declare that the claims of the Atmel patents are invalid under 35 U.S.C. §§ 102, 103, and/or 112;

H. That this Court declare this to be an exceptional case within the meaning of 35 U.S.C. § 285, and award Infineon its costs and reasonable attorneys' fees

       incurred in connection with this action, together with pre-judgment and post-judgment interest; and

I.     That this Court award Infineon such other and further relief as this Court may deem just and equitable.

**JURY DEMAND**

Plaintiff Infineon requests a trial by jury.

April 11, 2011                                                      BAYARD, P.A.

/s/ *Richard D. Kirk*
Richard D. Kirk (rk922)
Stephen B. Brauerman (sb4942)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000

OF COUNSEL:

Song K. Jung
Gaspare Bono
R. Tyler Goodwyn
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

*Attorneys for Plaintiffs,*
*Infineon Technologies AG and*
*Infineon Technologies North America*