IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATWATER PARTNERS OF TEXAS LLC,<br><br>                                            Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT; ALCATEL-LUCENT MANAGED SOLUTIONS, LLC; ALCATEL-LUCENT USA, INC.; ALTERA CORP.; AWARE, INC.; LANTIQ GMBH; LANTIQ BROADBAND HOLDCO. INC. LTD.; LANTIQ NORTH AMERICA INC.<br><br>                                            Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Atwater Partners of Texas LLC ("Atwater" or "Plaintiff") makes the following allegations against Alcatel-Lucent, Alcatel-Lucent Managed Solutions, Alcatel-Lucent USA, Inc., LLC, Altera Corp., Aware, Inc., Lantiq GmbH, Lantiq Broadband Holdco. Inc. Ltd., and Lantiq North America, Inc.

### PARTIES

1. Plaintiff Atwater is a Texas Limited Liability Company with its principal place of business at 911 N.W. Loop 281, Ste. 27, Longview, TX 75604.

2. On information and belief, Alcatel-Lucent is a French corporation with its principal place of business at 3 av. Octave Gréard, 75007 Paris, France. On information and belief, Alcatel-Lucent may be served at 3 av. Octave Gréard, 75007 Paris, France, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

3. On information and belief, Alcatel-Lucent Managed Solutions, LLC ("Alcatel Managed Solutions") is a Delaware corporation with its principal place of business at 600

Mountain Ave., Murray Hill, NJ 07974. Alcatel Managed may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4. On information and belief, Alcatel-Lucent USA Inc., ("Alcatel USA") is a Delaware Corporation with its principal place of business at 600 Mountain Avenue, Murray Hill, NJ 07974. Alcatel USA may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. On information and belief, Altera Corporation ("Altera") is a Delaware corporation with its principal place of business at 101 Innovation Drive, San Jose, CA 95134. Altera may be served through its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

6. On information and belief, Defendant ("Aware") is a Massachusetts corporation with its principal place of business at 40 Middlesex Turnpike, Bedford, MA 01730. On information and belief, Aware may be served at its principal place of business at 40 Middlesex Turnpike, Bedford, MA 01730.

7. On information and belief, Defendant Lantiq GmbH ("Lantiq") is a German corporation with its principle place of business at Am Campeon 3 85579 Neubiberg, Germany. On information and belief, Lantiq may be served at Am Campeon 3, 85579 Neubiberg, Germany, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

8. On information and belief, Lantiq Broadband HoldCo. Inc. Ltd. ("Lantiq Broadband") is a Delaware corporation with its principal place of business at 40 Middlesex Turnpike, Bedford, MA 01730. Lantiq Broadband may be served through its registered agent

The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

9. On information and belief, Lantiq North America, Inc. ("Lantiq North America") is a Delaware corporation with its principal place of business at 640 N. McCarthy Blvd., Milpitas, CA 95035. Lantiq North America may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

12. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

## COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 6,490,296

13. Plaintiff is the owner by assignment of United States Patent No. 6,490,296 ("the '296 Patent") entitled "Multi-Link Segmentation and Reassembly for Bonding Multiple PVC's in

an Inverse Multiplexing Arrangement" – including all rights to recover for past and future acts of infringement. The '296 Patent issued on December 3, 2002. A true and correct copy of the '296 Patent is attached as Exhibit A.

14. On information and belief, Alcatel-Lucent, Alcatel USA and Alcatel Managed Solutions (collectively "Alcatel") have been and now are directly infringing, and/or inducing infringement by others, including customers of Alcatel, and/or contributing to the infringement by others, including customers of Alcatel, of the '296 Patent in this judicial district, and elsewhere in the United States. Infringements by Alcatel include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Alcatel's 7330 ISAM FTTN, which, on information and belief functions to perform DSL bonding, infringing one or more claims of the '296 Patent. Also upon information and belief, Alcatel knew or should have known that its making, using, importing, offering for sale, and/or selling of its 7330 ISAM FTTN would induce infringement by its customers. It is further alleged that Alcatel has contributed to the infringement of the '296 Patent by making, using, offering for sale and selling its 7330 ISAM FTTN knowing that the same is especially made or especially adapted to be used in a method that infringes the '296 Patent, and which does not have a substantial non-infringing use. Alcatel is thus liable for infringement of the '296 Patent under 35 U.S.C. § 271(a), (b) & (c).

15. On information and belief, Altera has been and now is directly infringing, and/or inducing infringement by others, including customers of Altera, and/or contributing to the infringement by others, including customers of Altera, of the '296 Patent in this judicial district, and elsewhere in the United States. Infringements by Altera include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United

States, at least Altera's FPGAs including Cyclone III, which, on information and belief functions to perform DSL bonding, infringing one or more claims of the '296 Patent. Also upon information and belief, Altera knew or should have known that its making, using, importing, offering for sale, and/or selling of its FPGAs including Cyclone III would induce infringement by its customers. It is further alleged that Altera has contributed to the infringement of the '296 Patent by making, using, offering for sale and selling its FPGAs including Cyclone III knowing that the same is especially made or especially adapted to be used in a method that infringes the '296 Patent, and which does not have a substantial non-infringing use. Altera is thus liable for infringement of the '296 Patent under 35 U.S.C. § 271(a), (b) & (c).

16. On information and belief, Aware, Inc. has been and now are directly infringing, and/or inducing infringement by others, including customers of Aware, and/or contributing to the infringement by others, including customers of Aware, of the '296 Patent in this judicial district, and elsewhere in the United States. Infringements by Aware include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Aware's StratiPHY2-Bonded, which, on information and belief functions to perform DSL bonding, infringing one or more claims of the '296 Patent. Also upon information and belief, Aware knew or should have known that its making, using, importing, offering for sale, and/or selling of its StratiPHY2-Bonded would induce infringement by its customers. It is further alleged that Aware has contributed to the infringement of the '296 Patent by making, using, offering for sale and selling its StratiPHY2-Bonded knowing that the same is especially made or especially adapted to be used in a method that infringes the '296 Patent, and which does not have a substantial non-infringing use. Aware is thus liable for infringement of the '296 Patent under 35 U.S.C. § 271(a), (b) & (c).

17. On information and belief, Lantiq, Lantiq Broadband and Lantiq North America (collectively "Lantiq") have been and now are directly infringing, and/or inducing infringement by others, including customers of Lantiq, and/or contributing to the infringement by others, including customers of Lantiq, of the '296 Patent in this judicial district, and elsewhere in the United States. Infringements by Lantiq include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Lantiq's GEMINAX XXS V3, which, on information and belief functions to perform DSL bonding, infringing one or more claims of the '296 Patent. Also upon information and belief, Lantiq knew or should have known that its making, using, importing, offering for sale, and/or selling of its GEMINAX XXS V3 would induce infringement by its customers. It is further alleged that Lantiq has contributed to the infringement of the '296 Patent by making, using, offering for sale and selling its GEMINAX XXS V3 knowing that the same is especially made or especially adapted to be used in a method that infringes the '296 Patent, and which does not have a substantial non-infringing use. Lantiq is thus liable for infringement of the '296 Patent under 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '296 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '296 Patent;

    3.    A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '296 Patent as provided under 35 U.S.C. § 284;

    4.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

    5.    Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

April 20, 2011

**OF COUNSEL:**

Andrew W. Spangler
Todd Brandt
Spangler Law, PC
208 N Green St., #300
Longview, TX 75601-7312
(903) 753-9300

Gregory P. Love
Scott E. Stevens
Darrell G. Dotson
Nicolas Labbit
STEVENSLOVE
Longview, Texas 75606
(903) 753–6760
greg@stevenslove.com
scott@stevenslove.com
darrell@stevenslove.com
nicolas@stevenslove.com

BAYARD, P.A.

*/s/ Richard D. Kirk (rk0922)*
Richard D. Kirk
Stephen B. Brauerman
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Counsel for Plaintiff Atwater Partners of Texas, LLC*